# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| VICTOR E. MORETTA,<br>　　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF HEALTH AND<br>　HUMAN SERVICES,<br>　　　　　　Agency. | DOCKET NUMBERS<br>DE-0752-14-0334-I-1<br>DE-4324-14-0335-I-1<br><br><br>DATE: February 2, 2015 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Victor E. Moretta, North Fort Myers, Florida, pro se.

Bennett R. Tuchawena, Aberdeen, South Dakota, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## ORDER

¶1　　The appellant has filed what was styled as a petition for review of the initial decision that dismissed these appeals pursuant to a settlement agreement. For the reasons discussed below, we FORWARD the appellant's pleadings to the Denver Field Office for docketing as a petition for enforcement.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2      As recounted in the initial decision in these joined appeals, the appellant asserted that: (1) his resignation of February 3, 2014, was involuntary and therefore tantamount to an appealable removal action; and (2) the agency violated the Uniformed Services Employment and Reemployment Rights Act of 1994 by improperly denying him approved leave without pay for a service-connected injury. MSPB Docket Nos. DE-0752-14-0334-I-1 & DE-0752-14-0335-I-1, Initial Decision (ID) at 1-2. At the hearing, the parties reached a settlement agreement that resolved both appeals, the terms of which are recited in the initial decision. Among other things, the appellant agreed to withdraw both of his Board appeals and a discrimination claim pending at the Equal Employment Opportunity Commission; the agency agreed to cancel the appellant's resignation and to purge all documents related to it from his Official Personnel File (OPF), and to substitute in its place approved leave without pay status from February 3, to May 31, 2014, when it would effect his voluntary resignation. *See* ID at 2 n.3.[2]

¶3      In a pleading filed with the Clerk of the Board 1 day after the deadline listed in the initial decision for filing a petition for review,[3] the appellant alleged that the agency breached the terms of the settlement agreement by: (1) failing to purge his OPF of any reference to his being in an absent without leave status; (2) creating a negative performance evaluation; and (3) listing his position as "Substance Abuse Therapist" instead of his proper title, "Family Therapist." Petition for Review (PFR) File, Tab 1. He asked the Board to order the agency to cure these alleged breaches. *Id.*

---

[2] The parties subsequently reduced the settlement agreement to writing. MSPB Docket No. DE-0752-14-0334-I-1, Initial Appeal File (IAF), Tab 18.

[3] Because of our determination that the appellant's pleading should be viewed as a petition for enforcement rather than as a petition for review, we need not decide whether there was good cause for the untimely filing of a petition for review.

**ANALYSIS**

¶4        As recounted above, the appellant's contentions are that the agency breached the settlement agreement that formed the basis for his appeals being dismissed, and he seeks enforcement of the terms of the settlement agreement as he understands them.  Such contentions and requests constitute a petition for enforcement.  *See* 5 C.F.R. § 1201.182(a).  A petition for enforcement of a settlement agreement must be filed in the first instance with the regional or field office that issued the initial decision.  *Id.*  Accordingly, the appropriate course of action is to forward the appellant's pleadings to the Denver Field Office for docketing as a petition for enforcement.[4]  *See Shipp v. Department of Health & Human Services*, 107 M.S.P.R. 264, ¶ 8 (2007).

FOR THE BOARD:                                    _____
                                                                 William D. Spencer
                                                                 Clerk of the Board

Washington, D.C.

---

[4] Should the terms of the settlement agreement not be enforceable according to the appellant's interpretation of the agreement, he asks that the Board declare the settlement agreement to be null and void and reinstate the underlying appeals.  PFR File, Tab 3 at 21. The Board may not reopen and reinstate an adverse action appeal that was dismissed pursuant to a settlement agreement unless that settlement agreement has been set aside as invalid.  *See Linares-Rosado v. U.S. Postal Service*, 112 M.S.P.R. 599, ¶ 10 (2009).  An attack on the validity of a settlement agreement cannot be challenged in a petition for enforcement; such an attack must be made in the form of a petition for review of the initial decision dismissing the case as settled.  *See Weldon v. Department of Veterans Affairs*, 119 M.S.P.R. 478, ¶ 5 (2013); *Lange v. Department of the Interior*, 98 M.S.P.R. 146, ¶ 3 (2005).  A party may challenge the validity of a settlement agreement if he believes that the agreement is unlawful, involuntary, or the result of fraud or mutual mistake.  *Wade v. Department of Veterans Affairs*, 61 M.S.P.R. 580, 583 (1994).  Should the appellant be unsuccessful in his petition for enforcement, he may file a petition for review of the initial decision dismissing the original appeals as settled if he believes he has grounds for setting aside the settlement agreement as invalid.